IN THE CHANCERY COURT OF TENNESSEE FOR THE
THIRIETH JUDICIAL DISTRICT AT MEMPHIS

SHELBY COUNTY
CHANCERY COURT

SEP 2 0 2011

DEWUN R. SETTLE C & M
TIME:_____ BY:_____

| | | |
|---|---|---|
| JOHN RANDALL SMITH, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Case No.: CH-11- 1536-1 |
| | * | **Jury Demanded** |
| | * | |
| METHODIST HEALTHCARE MEMPHIS | * | |
| HOSPITALS, | * | |
| | * | |
| Defendant. | * | |

## COMPLAINT FOR DISCRIMINATION IN EMPLOYMENT

NOW COMES Plaintiff, John Randall Smith, by and through counsel, Edgar Davison,

Esq., and in support of his Complaint for Discrimination in Employment would respectfully

represent to the Court as follows:

### Introduction

1.     This lawsuit is instituted pursuant to the Tennessee Human Rights Act, Title VII

of the Civil Rights Act of 1964, Age Discrimination in Employment Act of 1967, and state

common law.

### Parties

2.     Plaintiff, John Randall Smith [hereinafter "Plaintiff" or "Mr. Smith"], is an adult

resident of Memphis, Shelby County, Tennessee.

3.     Defendant Methodist Healthcare Memphis Hospitals (hereinafter "Defendant" or

"Methodist") is a domestic non profit corporation located in Memphis, Tennessee, authorized to

do business within the state of Tennessee, and doing business in Shelby County, Tennessee.  At

all times relevant herein, Defendant Methodist is an employer as contemplated by the Tennessee

EXHIBIT

A

Human Rights Act.

## Jurisdiction and Venue

4.     The Plaintiff was employed by Defendant, in Shelby County, Tennessee and the employment practices complained of herein all occurred in Tennessee.

5.     This Court has personal jurisdiction over the parties and subject matter jurisdiction of this dispute.  All or a substantial portion of the acts and employment decisions complained of took place within this district, venue is proper with this Court.

6.     Plaintiff has exhausted his administrative remedies through the U.S. Equal Employment Opportunity Commission and has received a Notice of right to Sue. (See "Exhibit A").

## Factual Background

7.     Plaintiff began his employment with Methodist on or about September 6, 2005.

8.     Plaintiff was a qualified and competent employee of Defendant as a registered nurse.

9.     Plaintiff was terminated by Defendant on November 18, 2009.

10.     Throughout Plaintiff's employment with the Defendant, he was subjected to a hostile working environment, age discrimination, and disability discrimination by and through his superiors and other coworkers of the Defendant.

11.     Dana Avant, Clinical Director of Methodist, held Plaintiff to a different standard of rules and regulations than other similarly situated employees including but not limited to Wanda McNabb.

12.     Plaintiff has a serious medical condition in which seeks medical treatment.

2

13.     Ms. Avant was aware of the Plaintiff's medical condition and failed to accommodate the Plaintiff with regards to his disability when asked for such accommodations.

14.     On October 15, 2009, the Plaintiff was given a "Progressive Action" by Dana Avant for failing to follow an assessment procedure. This assessment procedure was new to the company and no one had informed the Plaintiff about the change.

15.     When Plaintiff advised Ms. Avant about being unaware of the policy and procedure change, she stated to him "it doesn't matter. I could have fired you a long time ago."

16.     Ms. Avant suspended the Plaintiff after this incident. An extreme measure for the first write up that Plaintiff ever had with the Defendant.

17.     At the hands of Ms. Avant and other employees, Defendant maintained a hostile working environment where discrimination could occur based on age and disability against the Defendant.

18.     The Plaintiff was terminated by Ms Avant on November 18, 2009.

19.     The stated reason for the Plaintiff's termination was "unacceptable customer service."

20.     The stated reason for Plaintiff's termination is not the true reason(s) he was terminated and is merely pretext for the Defendant to discriminate against Plaintiff based upon his age and disability.

21.     Plaintiff filed a grievance with the Defendant regarding his termination.

22.     As the result of the grievance, Mrs. Marshall, nurse administrator contacted the Plaintiff and advised that Plaintiff was to be reinstated.

23.     A week or so after Mrs. Marshall's reinstatement of the Plaintiff, Ms. Little from

3

Human Resources called the Plaintiff and advised that the Defendant would not accept Mrs. Marshall's recommendation and that he was to have a hearing before the grievance committee on January 5, 2010.

24.     On January 5, 2010, the grievance committee came to a decision to uphold the termination of Plaintiff's employment with the Defendant.

25.     Since Plaintiff's termination, the Defendant has blackballed the Plaintiff from receiving employment at any other health care facility that has called for reference.

26.     The actions of the Defendant have caused the Plaintiff to suffer damages, liquidated damages including but not limited to lost wages and benefits for all of which he should be compensated.

**COUNT I**

**HOSTILE WORK ENVIRONMENT**

27.     Plaintiff reiterates, realleges, and incorporates herein by reference, each and every allegation contained in paragraphs 1-26 as if set forth fully herein

28.     Ms. Avant was Plaintiff's coworker and superior while Plaintiff was employed at Methodist.

29.     Ms. Avant made crude, inappropriate, and unwelcoming remarks to Plaintiff and inflicted harm unto Plaintiff.

30.     Methodist was aware of the actions inflicted upon Plaintiff by Ms. Avant; yet, took no action to remedy the situation.

31.     Due to the infliction of harm by Ms. Avant onto the Plaintiff on Methodist premises, Plaintiff was terminated from his position with the Defendant.

4

32.     Plaintiff suffered and will continue to suffer damages due to the hostile working environment created by Ms. Avant  and not properly controlled by Methodist.

## COUNT I

## AGE DISCRIMINATION UNDER THRA AND ADEA

33.     Plaintiff reiterates, realleges, and incorporates herein by reference, each and every allegation contained in paragraphs 1-32 as if set forth fully herein.

34.     Plaintiff was over the age of forty (40) years old at the time of his termination.

35.     Plaintiff was terminated by the Plaintiff and was replaced with a person under the age of forty (40) years old.

36.     Defendant intentionally and deliberately terminated Plaintiff due to his age in direct violation of the Tennessee Human Rights Act and ADEA.

37.     Defendant's reasons for terminating Plaintiff are pretextual and the true reasons for termination was due to Plaintiff's age and his disability.

38.     As a direct and proximate result of Defendants' actions described herein, Plaintiff has suffered from a loss of income and benefits and severe emotional distress, for all of which he should be compensated.

## COUNT II:

## DISABILITY DISCRIMINATION

39.     Plaintiff reiterates, realleges, and incorporates herein by reference, each and every allegation contained in paragraphs 1-38 as if set forth fully herein.

40.     Plaintiff has Mild Anxiety Disorder, Major Depressive Disorder, and Chonic Insomnia, a permanent disaoility that affects his everyday life.

41.     Under the Tennessee Human Rights Act, T.C.A. §4-21-401 et seq. and Title VII, Defendant is prohibited from discriminating against the Plaintiff because of his disability.

42.     Upon Plaintiff's information and belief, similarly situated employees without disabilities were treated in a more favorable manner than the Plaintiff.

43.     Plaintiff has also been subjected to a hostile working environment due to his disability.

44.     As a direct and proximate result of Defendants' actions described herein, Plaintiff has suffered from a loss of income and benefits and severe emotional distress, for all of which he should be compensated.

## COUNT III:

## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

45.     Plaintiff reiterates, realleges, and incorporates herein by reference, each and every allegation contained in paragraphs 1-44 as if set forth fully herein.

46.     Defendant owes a duty to Plaintiff as his employer not to subject Plaintiff to distress.

47.     Defendant was negligent in controlling the discriminating acts that were inflicted on the Plaintiff.

48.     Defendant's negligence caused an emotional injury to the Plaintiff.

49.     Plaintiff has suffered loss of enjoyment of life, mental anguish, and stress due to the discrimination and hostile working environment of the Defendant.

6

50.     Defendant knew of the discrimination occurring at Methodist on the Plaintiff and the paramount stress and anguish that such harassment would cause onto Plaintiff, yet took no action in alleviating the issues at hand.

51.     The emotional injury to Plaintiff was serious and severe.

52.     As a direct and proximate result of Defendants' actions described herein, Plaintiff has suffered from a loss of income and benefits and severe emotional distress, for all of which he should be compensated.

## COUNT IV:

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

53.     Plaintiff reiterates, realleges, and incorporates herein by reference, each and every allegation contained in paragraphs 1-52 as if set forth fully herein.

55.     Methodist and their employee's discriminating actions directed against Plaintiff were intentional and inflicted upon Plaintiff severe mental and emotional distress.

56.     Methodist had knowledge of the actions described herein, and its involvement in the discriminating actions and hostile work environment directed against Plaintiff was intentional and inflicted upon Plaintiff severe mental and emotional distress.

57.     In the alternative, Defendant's actions constitutes intentional infliction of emotional distress, for which Plaintiff continues to suffer.

58.     As a direct and proximate result of Defendants' actions described herein, Plaintiff has suffered from a loss of income and benefits and severe emotional distress, for all of which he should be compensated.

7

## PRAYER FOR RELIEF

Wherefore, Plaintiff John Randall Smith respectfully prays for relief as follows:

1.      That the Defendant be served and required to answer within the time prescribed by law;

2.      That a jury try this cause;

3.      That, upon the hearing of this cause, Plaintiff be awarded a judgment for damages of lost compensation from the date of Defendant's discriminatory actions, in an amount to be proven at trial;

4.      That the Court issue an award of front pay in an amount to be proven at trial in lieu of reinstatements as the circumstances surrounding the place of employment have made reinstatement impossible;

5.      That Plaintiff be awarded additional compensatory damages including but not limited to, damages for emotional distress, pain and suffering, medical expenses, embarrassment, and humiliation in an amount to be proven at trial;

6.      That costs of discretionary actions be taxed against Defendant;

7.      That costs and attorney's fees be assessed against Defendant;

8.      That punitive damages be assessed against Defendant for their actions;

9.      That such other remedies as shall be necessary and proper to eliminate all violations complained of herein be awarded pursuant to; and,

10.     For such other, further, and general relief as his Court may deem appropriate.

**Plaintiff Demands A Jury To Try The Issues.**

Respectfully submitted,

Edgar Davison, TN Bar No. 024388
Davison Law Firm
6000 Poplar Ave., Suite 250
Memphis, TN 38119
(901) 271-5566
(901) 271-5567 (fax)

EEOC Form 161-B (11/09)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

To:  John R. Smith
4155 Redwood Drive
Olive Branch, MS 38654

From:  Memphis District Office
1407 Union Avenue
Suite 901
Memphis, TN 38104

[ ] On behalf of person(s) aggrieved whose identity is
CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 490-2010-02902 | Julienne G. Smith, Investigator | (901) 544-4371 |

(See also the additional information enclosed with this form.)

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

[X] More than 180 days have passed since the filing of this charge.

[ ] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[X] The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

Katharine W. Kores,
Director

JUN 2 3 2011

(Date Mailed)

Enclosures(s)

cc:  Tina Sims
Manager, Associate Relations
METHODIST HEALTHCARE CORP.
1211 Union Avenue
Memphis, TN 38104

Edgar Davison
6000 Poplar Avenue
Suite 250
Memphis, TN 38119

Exhibit A

**(CIRCUIT/CHANCERY) COURT OF TENNESSEE**
**140 ADAMS AVENUE, MEMPHIS, TENNESSEE 38103**
**FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS**

## SUMMONS IN CIVIL ACTION

Docket No.____CH-11-1536-1____

☑ Lawsuit
○ Divorce

Ad Damnum $ _____

| | |
|---|---|
| John Randall Smith | Methodist Healthcare Memphis Hospitals |
| Plaintiff(s) | Defendant(s) |

VS

TO: (Name and Address of Defendant (One defendant per summons))

Methodist Healthcare Memphis Hospitals
1265 Union Avenue
Memphis, Tennessee 38104

  by serving:

Lynn Field
1211 Union Avenue, Suite 700
Memphis, Tennessee 38104

Method of Service:

☑ Certified Mail
○ Shelby County Sheriff
○ Commissioner of Insurance ($)
○ Secretary of State ($)
○ Other TN County Sheriff ($)
○ Private Process Server
○ Other
_____
($) Attach Required Fees

You are hereby summoned and required to defend a civil action by filing your answer with the Clerk of the Court and serving a copy of your answer to the Complaint on  Edgar Davison                                    Plaintiff's attorney, whose address is  879 Willow Tree Circle, Suite 105, Cordova, Tennessee 38018  , telephone       +1 (901) 254-8910    within THIRTY (30) DAYS after this summons has been served upon you, not including the day of service. If you fail to do so, a judgment by default may be taken against you for the relief demanded in the Complaint.

JIMMY MOORE                              Clerk

DONNA L. RUSSELL

TESTED AND ISSUED _2/10/12_            By _____, D.C.

TO THE DEFENDANT:

NOTICE; Pursuant to Chapter 919 of the Public Acts of 1980, you are hereby given the following notice:
Tennessee law provides a four thousand dollar ($4,000) personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the Clerk of the Court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed. These include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible and school books. Should any of these items be seized, you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

FOR AMERICANS WITH DISABILITIES ACT (ADA) ASSISTANCE ONLY, CALL (901) 379-7895

I, JIMMY MOORE_____, Clerk of the Court,
Shelby County, Tennessee, certify this to
be a true and accurate copy as filed this

_____

JIMMY MOORE_____ , Clerk

By: _____ , D.C.

---

RETURN OF SERVICE OF SUMMONS

I HEREBY CERTIFY THAT I **HAVE** SERVED THE WITHIN SUMMONS:

By delivering on the _____ day of _____, 20_____ at _____ M. a copy of the summons

and a copy of the Complaint to the following Defendant _____

at _____

_____                    By: _____
Signature of person accepting service                                    Sheriff or other authorized person to serve process

---

RETURN OF NON-SERVICE OF SUMMONS

I HEREBY CERTIFY THAT I **HAVE NOT** SERVED THE WITHIN SUMMONS:

To the named Defendant _____

because _____ is (are) not to be found in this County after diligent search and inquiry for the following

reason(s): _____

This _____ day of _____, 20_____.

                                                              By: _____
                                                                  Sheriff or other authorized person to serve process

---

Docket No: CH-11-1536-1

IN THE
(CIRCUIT/CHANCERY) COURT

OF TENNESSEE
FOR THE
THIRTIETH JUDICIAL
DISTRICT AT MEMPHIS

**SUMMONS IN A CIVIL ACTION**

John Randall Smith
Plaintiff

VS

Methodist Healthcare Memphis Hospital
Defendant

Edgar Davison
Attorney for Plaintiff/Pro Se

(901) 254-8910
Telephone Number

# Davison Law Firm

February 15, 2012

Lynn Field
1211 Union Avenue, Suite 700
Memphis, Tennessee 38104

> **Re:    John Randall Smith v. Methodist Healthcare Memphis Hospitals**
> **Shelby County Chancery Court Docket No.:  CH-11-1536-1**

Dear Ms. Field:

Please find enclosed the Summons and the Complaint for Discrimination in Employments as it relates to the above referenced matter.  Should you have any questions or concerns, please do not hesitate to contact me.

Sincerely,

Edgar Davison, Esq.
Enclosures

879 Willow Tree Circle

Suite 105
Cordova, TN 38018

edgar@davisonlawfirm.net

(901) 254-8910
(901) 754-7484 facsimile



Davison Law Firm
Edgar Davison
879 Willow Tree Circle, Suite 105
Cordova, TN 38018

7011 1150 0002 1758 3255

RETURN RECEIPT
REQUESTED

U.S. POSTAGE
PAID
CORDOVA, TN
38018
FEB 24 12
AMOUNT
$6.15
00059556-12

RETURN RECEIPT
REQUESTED

Ms. Lynn Field
1211 Union Avenue, Suite 700
Memphis, Tennessee 38104

USPS.com® - Track & Confirm                                                                                    Page 1 of 1

**USPS.COM**                                                          Search USPS.com or Track Packages

Quick Tools                    Ship a Package      Send Mail      Manage Your Mail      Shop      Business Solutions

# Track & Confirm

GET EMAIL UPDATES      PRINT DETAILS

| YOUR LABEL NUMBER | SERVICE | STATUS OF YOUR ITEM | DATE & TIME | LOCATION | FEATURES |
|---|---|---|---|---|---|
| 70111150000217583255 | First-Class Mail® | Delivered | February 27, 2012, 1:08 pm | MEMPHIS, TN 38104 | **Expected Delivery By:** February 25, 2012 Certified Mail™ Return Receipt |
| | | Notice Left (Business Closed) | February 25, 2012, 11:01 am | MEMPHIS, TN 38104 | |
| | | Arrival at Unit | February 25, 2012, 8:47 am | MEMPHIS, TN 38104 | |
| | | Depart USPS Sort Facility | February 25, 2012 | MEMPHIS, TN 38101 | |
| | | Processed at USPS Origin Sort Facility | February 25, 2012, 1:59 am | MEMPHIS, TN 38101 | |
| | | Dispatched to Sort Facility | February 24, 2012, 6:29 pm | CORDOVA, TN 38018 | |
| | | Acceptance | February 24, 2012, 12:56 pm | CORDOVA, TN 38018 | |

**Check on Another Item**

What's your label (or receipt) number?

Find

LEGAL                    ON USPS.COM            ON ABOUT.USPS.COM       OTHER USPS SITES

Privacy Policy ›           Government Services ›    About USPS Home ›        Business Customer Gateway ›
Terms of Use ›            Buy Stamps & Shop ›      Newsroom ›               Postal Inspectors ›
FOIA ›                    Print a Label with Postage › Mail Service Updates ›   Inspector General ›
No FEAR Act EEO Data ›    Customer Service ›        Forms & Publications ›    Postal Explorer ›
                         Site Index ›              Careers ›

Copyright© 2012 USPS. All Rights Reserved.